STEVEN J. RIZZI (*pro hac vice*)
srizzi@kslaw.com
RAMY HANNA (*pro hac vice forthcoming*)
rhanna@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 35th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

RYAN A. SCHMID (*pro hac vice forthcoming*)
rschmid@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

RAMON A. MIYAR (CA SBN 284990)
rmiyar@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Attorneys for Plaintiff
EXPRESS MOBILE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EXPRESS MOBILE, INC. | ) | Civil Action No. 3:20-08492-RS |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMENT** |
| | ) | **STATEMENT** |
| v. | ) | |
| | ) | Date: March 4, 2021 |
| SAP SE, SAP America, Inc., | ) | Time: 10:00 a.m. |
| and SAP Labs, LLC | ) | Courtroom: |
| | ) | Judge: Richard Seeborg |
| Defendants. | ) | |
| | ) | |

Plaintiff Express Mobile, Inc. ("Plaintiff" or "XMO") and Defendants SAP SE, SAP America, Inc. ("SAP America"), and SAP Labs, LLC ("SAP Labs") (SAP SE, SAP America, and SAP Labs collectively, "Defendants") submit this Joint Case Management Statement and Proposed Order under Federal Rule of Civil Procedure ("FRCP") 26(f), Civil Local Rule ("Rule") 16-9, Patent Local Rule ("Patent Rule") 2-1, and the Standing Order for All Judges of the Northern District of California titled "Contents of Joint Case Management Statement."

## 1.     Jurisdiction of Service

The parties agree that this is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including specifically 35 U.S.C. § 271.  The parties further agree that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  The parties do not believe that any personal jurisdiction or venue issues exist at this time but reserve all rights.  All parties have been served or have waived service.

## 2.     Facts

### a.     XMO's Statement

XMO filed this action on December 1, 2020 against Defendants, alleging that they infringed U.S. Patent Nos. 6,546,397 ("the '397 patent"), 7,594,168 ("the '168 patent"), 9,063,755 ("the '755 patent"), 9,471,287 ("the '287 patent"), and 9,928,044 ("the '044 patent") (the "Patents-in-Suit").  As set forth in detail in the Complaint, among other things, the Patents-in-Suit (a) solve technical problems related to the creation and generation of websites, and (b) utilize inventive concepts to solve technical problems, such as those associated with methods and systems for displaying dynamic constant on displays and devices. (*See* Compl. ¶¶ 15-52.)

Defendants are providers of enterprise software products and services, including the SAP Enterprise Resource Planning (ERP) system, which helps customers manage financials, logistics, human resources, and other business needs.  In particular, Defendants manufacture, use, sell, and/or offer for sale the Fiori User Experience Platform (the "Fiori UX Platform"), which is used to access various SAP enterprise software products such as S/4HANA, C/4HANA, SAP Ariba and SAP Concur.  Plaintiff contends that the products, services, and instrumentalities accused in the Complaint, including, without

limitation, the Fiori UX Platform, infringe the Patents-in-Suit, and that the infringement has been committed willfully, without any reasonable basis, and with disregard for Plaintiff's patent rights. Plaintiff seeks all remedies available under applicable law.

### b.   SAP's Statement

Defendants each deny they infringe any valid and enforceable asserted claim of the Patents-in-Suit and assert that the Patents-in-Suit are unenforceable, invalid and/or constitute patent-ineligible subject matter under 35 U.S.C. § 101 *et seq.*  Defendants will respond to or answer Plaintiff's Complaint on February 26, 2021.

### 3.   Legal Issues

The parties currently believe that the principal disputed legal issues are:

    (a)    Whether any of the Defendants has infringed any valid and enforceable claim of the '397, '168, '755, '287, and '044 patents;

    (b)    Whether the claims of the '397, '168, '755, '287, and '044 patents are valid and enforceable;

    (c)    The proper construction of any disputed patent claim terms;

    (d)    If any Defendant is found to have infringed the '397, '168, '755, '287 or '044 patent, the appropriate damages from that Defendant;

    (e)    Whether this case is exceptional under 35 U.S.C. § 285; and

    (f)    Whether any other forms of relief are due to any party.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4.   Motions

### a.   Pending Motions

As of the date of the Joint Case Management Statement, there are no prior or pending motions before the Court.

WORKAMER\29724\112004\38128544.v8-2/25/21

**b.** **Anticipated Motions**

The parties anticipate that each may move for summary judgment and may file other dispositive and/or non-dispositive motions as appropriate.

**5.** **Amendment of Pleadings, Addition of Parties**

The parties agree that the deadline for joining parties and amending the pleadings should be in accordance with the proposed schedule set forth in Section 17 herein.

**6.** **Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps to take regarding evidence preservation.  The parties confirm that they have taken appropriate and reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Initial Disclosures**

The parties have agreed to serve initial disclosures pursuant to FRCP 26(a) on February 25, 2021.  The parties do not propose any change to the form or requirement for initial disclosures.

**8.** **Discovery**

**a.** **Discovery Taken to Date.**

Following the parties' FRCP 26(f) Conference, on February 11, 2021, Plaintiff propounded on the Defendants an initial set of Requests for Production of Documents pursuant to FRCP 34.

**b.** **Scope of Anticipated Discovery.**

The parties anticipate that the scope of discovery will encompass the factual and legal issues raised by the parties' pleadings, the issues identified in Sections 2 and 3 above, and the relief requested by the parties.  The parties' claims and defenses are anticipated to require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, and damages.  As discovery progresses, the relevant subject matter may expand as appropriate.

WORKAMER\29724\112004\38128544.v8-2/25/21

1

2

### c.      Protective Order

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery.  The parties are currently negotiating the protective order and will submit a final proposed protective order in accordance with the due dates set forth in Section 17.  In the meantime, the parties agree that the Court's form interim protective order governs this action pursuant to Patent Local Rule 2-2.

### d.      Report on Stipulated E-Discovery Order

The parties have reviewed the ESI Guidelines and met and conferred concerning ESI.  The parties will jointly submit any proposed modifications to the Model Stipulation & Order re: Discovery of Electronically Stored Information for Patent Litigation available on the Court's website at https://www.cand.uscourts.gov/eDiscoveryGuidelines.

### e.      Issues Concerning Claims of Privilege or of Protection as Trial-Preparation Materials

With respect to information generated after the filing of the Complaint (December 1, 2020) that is subject to attorney-client privilege and/or work product protection, Parties are not required to include any such information in privilege logs. Communications solely between a party to this case and its trial counsel, as well as trial counsel's work product, need not be logged.  The limitations set forth herein shall be without prejudice to either party seeking further limitations on privilege log requirements at a later date.

The parties also agree that issues regarding the inadvertent production of privilege or work product material shall be addressed as provided in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and in the Protective Order to be entered in this case.

### f.      Proposed Discovery Plan and Proposed Changes to the Limitations on Discovery.

The parties agree that the presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below.

**EXPRESS MOBILE, INC. v. SAP SE, SAP AMERICA, INC., AND SAP LABS, LLC**

WORKAMER\29724\112004\38128544.v8-2/25/21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      (a)    *Written Discovery.*

**Requests for Production**. The Federal Rules of Civil Procedure and local rules and standing orders of this Court shall dictate the limits on requests for production of documents.

**Interrogatories**. No more than 30 interrogatories shall be served by each of Plaintiff on the one hand, and Defendants collectively on the other.

**Requests for Admission**.  No more than 50 requests for admission shall be served by each of Plaintiff on the one hand, and Defendants collectively on the other, relating to any fact, the application of law to fact, or opinions about either.  Requests for admission solely aimed at authenticating documents will not count towards the 50 limit.  Both parties agree not to serve duplicative requests for admission on the other party(ies).

      (b)    *Depositions*

 Unless otherwise stipulated by the Court or as provided as provided below for experts, the Federal Rules of Civil Procedure shall govern the limits on depositions taken by each party.  The deposition of any individual is limited to 1 day of 7 hours on the record, with the exception of Steven H. Rempell, who may be deposed across more than one day for a cumulative total of 10.5 hours on the record. The parties agree to meet and confer regarding any request by Defendants to depose Steven H. Rempell in his personal capacity, including whether the length of any such deposition should exceed 7 hours. As to named inventor depositions, the parties agree to meet and confer regarding whether the taking of any such deposition should be coordinated with related actions involving the same patents and pending before this Court.   The parties agree to meet and confer after the exchange of expert reports regarding limits on the length and number of days allotted for expert depositions.

      **g.**    **Expert Discovery.**

The parties agree that the protections of Fed. R. Civ. P. 26(b)(4) shall apply to expert discovery in this matter.  The parties agree that no party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members who work at the direction of the expert to support the expert, the expert's notes, or drafts of expert reports or declarations.  As used in this paragraph, communications and drafts include communications and drafts

relating to other proceedings related to the Patents-in-Suit so long as such communications and drafts are protected in those other proceedings.  This agreement shall not preclude a party from seeking production of such documents if the expert relies on any such communications, notes, or drafts as a basis of his/her opinion.

**Defendants' Further Position:** As XMO has previously conceded in related proceedings, "an expert report or declaration relating to the Patents-in-Suit that is served in these other proceedings will be discoverable." *E.g., Express Mobile, Inc. v. Microsoft Corp.*, No. 3:20-cv-06152-RS, D.I. 45 at *6 (N.D. Cal. Nov. 25, 2020).  While Defendants appreciate that confidential third-party information may need to be redacted from certain of these reports, Plaintiff cannot use this as an excuse to shield its expert's prior positions regarding the scope of the claims, e.g., as they relate to allegations of infringement, as well as invalidity/validity of the claims and how damages should be calculated, for example. Consistent with Plaintiff's position in these related proceedings, here too, prior expert reports and declarations concerning the Patents-in-Suit should be produced.

**Plaintiff's Further Position:** To the extent that the Court now addresses discovery of expert reports and declarations from other actions involving the Patents-in-Suit, only invalidity-related expert reports and declarations are discoverable.  *See, e.g., Shopify, Inc. et al. v. Express Mobile, Inc*., Case No. 1:19-cv-00439-RGA (D. Del. Jan. 17, 2020), ECF No. 62  (holding that request for all expert declarations and reports from other matters was too broad "given that discovery from other cases is going to involve other parties' confidential information subject to protective orders.")

        **h.**        **Any Other Orders that the Court Should Issue Under FRCP 26(c) or Under FRCP 16(b).**

        (a)    *Email Courtesy Copies*

The parties consent to service by electronic means as set forth in FRCP 5(b)(2)(E), including service by e-mail and via other widely used electronic file transfer services.  For plaintiff, the service address is K&SExpressMobileTeam@kslaw.com.  For Defendants, the service address is SAP-ExpressMobile-Service@ropesgray.com.

(b)   *Electronic Mail*

The parties acknowledge the burden of discovery involving emails and other forms of electronic communication and agree that emails and electronic communications initially need not be searched in response to document requests pursuant to Rule 34.  The parties further agree that, to the extent email discovery takes place, it should be phased to take place after non-email document discovery.  During email discovery, the parties agree to meet and confer regarding the identification of appropriate custodians and key words, regarding specific topics, and to set a reasonable timeframe and scope for the requests.  The parties agree that other forms of electronic communication, such as text messages, voicemails, and instant messaging applications (e.g., Skype, Skype for Business, Slack) will not be searched during either phase of discovery absent good cause. The parties explicitly agree that this exception shall not be used to discover correspondence between outside counsel and testifying or consulting experts that otherwise would be protected from disclosure under FRCP 26.

The parties also agree that they will negotiate and propose arrangements in an e-discovery order as to the quantity of custodians, search terms, etc.

**9.    Class Actions**

This litigation is not a class action

**10.   Related Cases**

Currently pending related cases involving one or more of the same patents include:

- *X.Commerce, Inc. v. Express Mobile, Inc.*, Case No. 3:17-cv-02605 (N.D. Cal. May 5, 2017)
- *Shopify Inc. v. Express Mobile, Inc*., Case No. 1:19-cv-00493 (D. Del. Mar. 1, 2019)
- *Express Mobile, Inc. v. GoDaddy.com, LLC*, Case No. 1:19-cv-01937 (D. Del. Oct. 11, 2019)
- *Express Mobile, Inc. v. Wix.com, Ltd.*, Case No. 3:19-cv-06559 (N.D. Cal. Oct. 11, 2019)
- *Express Mobile, Inc. v. HubSpot, Inc.*, Case No. 1:20-cv-01162 (D. Del. Sept. 1, 2020)
- *Express Mobile, Inc. v. Squarespace, Inc.*, Case No. 1:20-cv-01163 (D. Del. Sept. 1, 2020)
- *Express Mobile, Inc. v. Microsoft Corp.*, Case No. 3:20-cv-06152-RS (N.D. Cal. Sept. 1, 2020)

WORKAMER\29724\112004\38128544.v8-2/25/21

- *Express Mobile, Inc. v. Expedia Group, Inc.*, Case No. 6:20-cv-00801 (W.D. Tex. Sept. 1, 2020)

- *Express Mobile, Inc. v. eBay Inc.*, Case No. 6:20-cv-00802 (W.D. Tex. Sept. 1, 2020)

- *Express Mobile, Inc. v. Facebook Inc.*, Case No. 6:20-cv-00803 (W.D. Tex. Sept. 1, 2020)

- *Express Mobile, Inc. v. Google LLC*, Case No. 6:20-cv-00804 (W.D. Tex. Sept. 1, 2020)

- *Express Mobile, Inc. v. Atlassian Corp. PLC*, Case No. 6:20-cv-00805 (W.D. Tex. Sept. 1, 2020)

- *Express Mobile, Inc. v. Web.com Group, Inc.*, Case No. 3:20-cv-00839 (M.D. Fla. Sept. 28, 2020)

- *Express Mobile, Inc. v. Adobe Inc. and X.Commerce Inc.*, Case No. 3:20-cv-08297 (N.D. Cal. Nov. 24, 2020)

- *Express Mobile, Inc. v. Oath Holdings, Inc.*, Case No. 3:20-cv-08321-RS (N.D. Cal. Nov. 25, 2020)

- *Express Mobile, Inc. v. Pinterest, Inc.*, Case No. 3:20-cv-08335-RS (N.D. Cal. Nov. 25, 2020)

- *Express Mobile, Inc. v. Amazon.com, Inc.*, Case No. 3:20-cv-08339-RS (N.D. Cal. Nov. 25, 2020)

- *Express Mobile, Inc. v. Salesforce.com, Inc.*, 3:20-cv-08461-WHO (N.D. Cal. Dec. 1, 2020)

- *Express Mobile, Inc. v. Booking Holdings, Inc.*, 3:20-cv-08491-RS (N.D. Cal. Dec. 1, 2020)

- *Express Mobile, Inc. v. Dropbox, Inc.*, 3:21-cv-01145-RS (N.D. Cal. Feb. 16, 2021)

**11.    Relief**

    **a.    Express Mobile's Position**

Plaintiff seeks an adjudication that Defendants have infringed the Patents-in-Suit; an award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past willful infringement of the Patents-in-Suit, and any continuing or future willful infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to those acts not presented at trial; a declaration that this case is exceptional

**EXPRESS MOBILE, INC. v. SAP SE, SAP AMERICA, INC., AND SAP LABS, LLC**

WORKAMER\29724\112004\38128544.v8-2/25/21

under 35 U.S.C. § 285, and an award of Express Mobile's reasonable attorneys' fees; and an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

### b.    Defendants' Position

Defendants seek an adjudication that none of the Defendants has infringed or is infringing any asserted claim of the Patents-in-Suit; that the claims of the Patents-in-Suit are unenforceable and/or invalid; that XMO is not entitled to any damages, interests, costs, and/or expenses; an award to each Defendant of reasonable attorneys' fees; a declaration that this case is exceptional under 35 U.S.C. § 285; and an award to each Defendant of such further relief at law or in equity as the Court deems just and proper.

### 12.    Settlement and ADR

As required by ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.

The parties have so far been unable to identify a mutually agreeable ADR option.  Plaintiff's preference is to proceed with a Settlement Conference supervised by a sitting Northern District of California magistrate judge.  Defendants' preference is to proceed with private mediation through JAMS supervised by a mutually agreeable third-party neutral, with mediation costs shared equally by the parties, as Plaintiff has agreed to do in other related proceedings.  *See, e.g.*, *Express Mobile, Inc. v. Microsoft Corp.*, No. 3:20-cv-06152-RS, D.I. 45 at *9 (N.D. Cal. Nov. 25, 2020).

### 13.    Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.    Other References

The parties agree that currently this case is not suitable for reference to binding arbitration or a special master.

**EXPRESS MOBILE, INC. V. SAP SE, SAP AMERICA, INC., AND SAP LABS, LLC**

WORKAMER\29724\112004\38128544.v8-2/25/21

### 15.   Narrowing of Issues

The parties have not presently identified any issues that can be narrowed. The parties will work in good faith to address narrowing of any issues as discovery proceeds and the issues become clearer.

### 16.   Expedited Trial Procedure

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 17.   Scheduling

The parties propose the following schedule consistent with the Patent Local Rules:[1]

| Event | Deadline |
| --- | --- |
| Deadline for Mutual Exchange of Fed. R. Civ. P. 26(a)(l) Initial Disclosures | February 25, 2021 |
| Defendants' Deadline to File Responsive Pleadings or Motions | February 26, 2021 |
| Deadline to File Proposed Joint Protective Order and Proposed Order for Discovery of Electronically Stored Information | March 11, 2021 |
| Plaintiff's Deadline to Serve Disclosure of Asserted Claims and Infringement Contentions Pursuant to Pat. L.R. 3-1 and Document Production Accompanying Disclosure Pursuant to Pat. L.R. 3-2 | March 18, 2021 |
| Defendants' Deadline to Serve Invalidity Contentions Pursuant to Pat. L.R. 3-3 and Accompanying Document Production Pursuant to Pat. L.R. 3-4 | May 3, 2021 |
| Deadline for Parties to Exchange of Terms for Construction Pursuant to Pat. L.R. 4-1 | May 17, 2021 |
| Deadline to Amend the Pleadings and | June 1, 2021[2] |

[1] Defendants have not responded to the Complaint as of the deadline for the filing of this Statement.  The parties agree to meet and confer in good faith regarding changes to the schedule should any be needed in light of Defendants' responsive pleadings, which are due on February 26, 2021.
[2] The parties agree to meet and confer in good faith on stipulated extensions of claim construction dates should a pleadings amendment impact claim construction.

| Event | Deadline |
|---|---|
| add Parties | |
| Deadline for Parties to Exchange Preliminary Constructions and Extrinsic Evidence Pursuant to Pat. L.R. 4-2 | June 7, 2021 |
| Deadline for Plaintiff to Serve Damages Contentions Pursuant to Pat. L.R. 3-8 | June 22, 2021 |
| Deadline for Parties to File Joint Claim Construction & Prehearing Statement Pursuant to Pat. L.R. 4-3 | July 2, 2021 |
| Deadline for Parties to Exchange Any Claim Construction Expert Reports and Associated Disclosures as Applicable Under Pat. L.R. 4-3 | July 2, 2021 |
| Deadline for Defendants to Serve Responsive Damages Contentions Pursuant to Pat. L.R. 3-9 | July 22, 2021 |
| Claim Construction Discovery Cutoff (Pat. L.R. 4-4) | August 2, 2021 |
| Plaintiff's Deadline to File Opening Claim Construction Brief (Pat. L.R. 4-5(a)) | August 17, 2021 |
| Deadline for Defendants to File Responsive Claim Construction Briefs (Pat. L.R. 4-5(b)) | August 31, 2021 |
| Plaintiff's Deadline to File Reply Claim Construction Brief (Pat. L.R. 4-5(c)) | September 7, 2021 |
| Claim Construction Hearing (Pat. L.R. 4-6) | **Proposed Date**: September 21, 2021 at 1:30 p.m., or such other later date that might be convenient for the Court |
| Case Management Conference to Set Further Deadlines (e.g., close of fact discovery, email discovery, expert discovery, summary judgment, pretrial conference, trial) | Court's convenience after the Court's Order on claim construction |

## 18. Trial

The parties have or will request a trial by jury on all issues triable by jury in this matter. The parties estimate that trial will last approximately 6 days.

### 19.     Disclosure of Non-Party Interested Entities or Persons

Plaintiff filed its Certification of Interested Entities or Persons and Corporate Disclosure Statement on December 1, 2020.  (ECF No. 2.)  Plaintiff certifies pursuant to FRCP 7.1 that it is a privately held corporation with no parent corporation and no publicly held corporation owns 10% or more of its stock. In addition, pursuant to Civil Local Rule 3-15, Plaintiff hereby certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) another kind of interest that could be substantially affected by the outcome of the proceeding: Express Mobile, Inc.

Defendants filed their Certification of Interested Entities or Persons and Corporate Disclosure Statement on January 13, 2021.  (ECF No. 16.)  Defendants certify pursuant to FRCP 7.1 that SAP America Inc. and SAP Labs, LLC are each wholly-owned subsidiaries of the parent corporation, SAP SE, a publicly traded European Company organized in the Federal Republic of Germany.  No publicly held corporation currently owns 10% or more of SAP SE's stock.  Defendants hereby certify that no other persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) another kind of interest that could be substantially affected by the outcome of the proceeding.

### 20.     Professional Conduct

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21.     Additional Matters Pursuant to the Patent Local Rules

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

**EXPRESS MOBILE, INC. V. SAP SE, SAP AMERICA, INC., AND SAP LABS, LLC**

1

        **a.**      **Proposed modification of the obligations or deadlines set forth in the Patent**

2

                       **Local Rules**

3

       The Parties propose the deadlines set forth in Section 17 above.  Plaintiff notes that the Court

4

has scheduled a claim construction hearing for March 19, 2021, in the matter of *Express Mobile, Inc. v.*

5

*Wix.com, Ltd.*, Case No. 3:19-cv-06559, which involves the same patents asserted in this case.

6

Plaintiff may seek to adjust the scope and timing of disclosures pertaining to claim construction as may

7

be appropriate in view of such prior claim construction proceedings.

8

       In light of the ten other cases listed in Section 10 pending before this Court concerning the

9

Patents-in-Suit, Defendants maintain that the claim construction hearing in Case No. 3:19-cv-06559

10

should be postponed such that each defendant in these other proceedings can participate in the hearing

11

after the requisite discovery envisioned by the Patent Local Rules has taken place under the schedule

12

set forth in Section 17.

13

        **b.**      **Claim Construction Discovery**

14

       To the extent additional claim construction discovery is needed, the parties have proposed timing

15

for claim construction discovery, including experts, as set forth in Section 17 above.  Pat. L.R. 2-1(b)(2).

16

        **c.**      **Format for Claim Construction Hearing**

17

       The parties anticipate that any claim construction hearing will last two to three hours, with each

18

party presenting argument, evidence, demonstratives and/or live testimony.  Pat. L.R. 2-1(b)(3).

19

        **d.**      **How the Parties Intend to Educate the Court on the Technology**

20

       Plaintiff asserts the Court is familiar with the technology at issue in this matter through related

21

cases.  Defendants may educate the Court on the technology at issue using a technology tutorial to be

22

presented a time convenient for the Court.  Pat. L.R. 2-1(b)(4).

23

        **e.**      **Damages Estimate**

24

       The parties are unable to provide any estimate of damages without discovery. Pat. L.R. 2-1(b)(5).

25

26

27

28

**EXPRESS MOBILE, INC. V. SAP SE, SAP AMERICA, INC., AND SAP LABS, LLC**

Dated:  February 25, 2021

**KING & SPALDING LLP**                    **ROPES & GRAY LLP**

*/s/ Ramon A. Miyar*                        */s/ James R. Batchelder*

Steven J. Rizzi (*pro hac vice*)            James R. Batchelder (CA Bar 136347)
Ramy Hanna (*pro hac vice forthcoming*)     James L. Davis, Jr. (CA Bar 304830)
Ryan A. Schmid (*pro hac vice*              Ropes & Gray LLP
*forthcoming*)                              1900 University Avenue, 6th Floor
Ramon A. Miyar                              East Palo Alto, CA 94303-2284
                                            T: 650-617-4000
                                            F: 650-617-4090
*Attorneys for Plaintiff Express Mobile,*   James.Batchelder@ropesgray.com
*Inc.*                                       James.L.Davis@ropesgray.com

                                            Lance W. Shapiro (pro hac vice)
                                            Ropes & Gray LLP
                                            1211 Avenue of the Americas
                                            New York, NY 10036-8704
                                            T: 212-596-9000
                                            F: 212-596-9090
                                            Lance.Shapiro@ropesgray.com

                                            *Attorneys for Defendants SAP SE; SAP*
                                            *America, Inc.; and SAP Labs, LLC*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories to this document concur in its filing.

Dated:  February 25, 2021                  */s/ Ramon A. Miyar*
                                            Ramon A. Miyar